IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THEODORE SCOTT INMAN,            )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil Action No. 03-1189
                                 )
FEDERAL EXPRESS LONG TERM        )
DISABILITY PLAN and FEDERAL      )
EXPRESS CORPORATION,             )
                                 )
          Defendants.            )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                      July 14, 2005

      This is an action brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. Plaintiff, who was a Federal Express employee and insured under the Federal Express Long Term Disability Plan ("Plan"), claims that defendants improperly denied him benefits under the Plan. Plaintiff asserts that he has been, and continues to be, wholly and continuously disabled throughout the relevant time period. Defendants deny that plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff seeks equitable relief as well as costs and fees.

Defendants have filed a motion for summary judgment under Fed.R.Civ.P. 56(c), and plaintiff has filed a motion opposing summary judgment. Additionally, both parties have filed supplemental briefs. Defendants argue that there are no material facts in dispute as to whether they abused their discretion in making the determination that plaintiff was not entitled to benefits. Plaintiff, on the other hand, argues that there are several genuine issues of material fact, particularly in light of the fact that plaintiff is entitled to heightened version of the arbitrary and capricious standard of review. For the reasons that follow, defendants' motion will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts

that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. <u>Id</u>. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. <u>Id</u>.

Viewing the facts in the light most favorable to plaintiff, this action survives summary judgment. The court agrees with plaintiff that the undisputed facts of this case lead to the conclusion that the standard of review should be heightened to the "far end of the arbitrary and capricious 'range.'" <u>Pinto v. Reliance Standard Life Ins. Co.</u>, 214 F.3d 377 (3d Cir. 2000). It is appropriate to do so where, as here, defendants sought multiple independent medical evaluations until the evaluations comported with their decision to deny coverage. Under this standard of review, there are clearly a number of material facts in dispute that could lead a reasonable jury to find in favor of plaintiff.

Accordingly, this ____14th____ day of July, 2005, upon consideration of defendant's motion for summary judgment [document #28], IT IS HEREBY ORDERED that the motion is DENIED.

                                            BY THE COURT:

                                            _____, J.

cc:  All Counsel of Record

AO 72A
(Rev.8/82)